IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RAYSHUN CARLIE MULLINS, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>TIM WILKINSON – WARDEN, )<br>)<br>Respondent. ) | Case No. CIV-13-853-R |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has examined the petition and recommends that it be dismissed on filing.

## I. Background.

In Oklahoma County District Court, Case No. CF-2004-4411, Petitioner was convicted on twenty-six counts involving: (1) first degree burglary; (2) first degree rape; (3) forcible oral sodomy; (4) first degree robbery; (5) kidnapping; and, (6) sexual battery. Doc. 1, at 1 & Ex. 2.[1] Petitioner appealed, and on May 12, 2010, the Oklahoma Court of Criminal Appeals

---

[1] Page citations reflect this court's CM/ECF pagination.

(OCCA) reversed and dismissed one count and affirmed the remaining twenty-five counts. *Id.* at Ex. 2, at 5. Petitioner did not seek post-conviction relief. *Id.* at 15.

Petitioner filed his petition for writ of habeas corpus on August 9, 2013,[2] seeking relief based on: (1) the trial court's alleged lack of jurisdiction over twenty previously dismissed counts; (2) unconstitutional joinder of counts; (3) double punishment; (4) excessive sentencing; and, (5) a Confrontational Clause violation. *Id.* at 5-8, 10, 12-13.

## II. Screening requirement.

Pursuant to Rule 4, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing 2254 Cases in the United States District Courts. Under this rule, the Court may raise the issue of timeliness. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are

---

[2] Petitioner did not verify his petition or provide a date on which the petition was given to prison officials for filing. *See* Doc. 1, at 17. Thus, the undersigned has been unable to apply the prison mailbox rule. *See Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (holding that where petitioner did not sufficiently allege use of the legal mail system, he had "not met his burden to establish his entitlement to the benefit of the mailbox rule" and petitioner's complaint was therefore "'filed' when it was received by the court").

permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.").

### III. The habeas petition's untimeliness.

The petition is subject to a one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act. That clock begins to run in relevant part when the action becomes final. *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, the OCCA dismissed one count and affirmed the remaining twenty-five counts on May 12, 2010. Because Petitioner did not seek review in the United States Supreme Court, his conviction became final 90 days later, on August 10, 2010. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Thus, without tolling, Petitioner's statute of limitations expired on August 11, 2011.

Statutory tolling is available when during the one-year limitations period, a petitioner properly files a petition for collateral review in state district court. *See* 28 U.S.C. § 2244(d)(2). As noted above, Petitioner did not seek collateral review in the state court, so he cannot benefit from statutory tolling.[3]

---

[3] Petitioner filed a motion requesting transcript copies in April 2013. *See* Doc. 1, Exs. 3-4. This motion was filed well outside the one-year limitations period, and cannot support statutory tolling. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that petitioner was not entitled to tolling for an application for post-conviction relief filed after the expiration of the statute of limitations). Even if the motion had been filed earlier though,

3

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 2562; *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (Equitable tolling is available only in "'rare and exceptional circumstances.'") (citation omitted). Examples of when equitable tolling would be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or, (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson*, 232 F.3d at 808.

Petitioner argues that when the OCCA issued a ruling in May 2010, he was in a "maximum security facility where he was confined to his cell 23 or 24 hours a day everyday." Doc. 1, at 16. Petitioner alleges that it was not until May 6, 2013, that he had access to a law library. *Id.* However, as the Tenth Circuit has noted, "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted)). And, lack of access to a

---

it would not support tolling as a motion for transcripts does "'not constitute an application for post-conviction or other collateral review . . . and, therefore, did not toll the limitations period.'" *Mack v. Falk*, 509 F. App'x 756, 758 (10th Cir. 2013) (internal quotations and citations omitted).

4

law library, standing alone, does not warrant equitable tolling. *See Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002). Indeed, to benefit from such tolling, Petitioner must provide "specificity regarding the alleged lack of [law library] access . . . ." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *see also Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) ("It follows that, to invoke § 2244(d)(1)(B)'s tolling provision − to show that an 'impediment . . . created by State action in violation of the Constitution . . . prevented' the filing of a timely petition − an inmate must explain how the prison's alleged constitutional deficiencies [in providing access to a law library] hindered his efforts to pursue his claim within the prescribed statute of limitations." (quoting § 2244(d)(1)(B)).

Here, Petitioner provides no such specificity regarding how a lack of law library access hindered his ability to timely file a habeas petition. Indeed, even after he allegedly gained law library access, Petitioner filed a habeas petition presenting little argument that essentially regurgitated his direct appeal brief. *Compare* Doc. 1, at 5-8, 10, 12-13, *with id.* at Ex. 1, at 13-29. Further, Petitioner neither alleges that he ever requested legal materials, nor that he was denied legal materials nor that any were confiscated. Under these circumstances, the undersigned finds that Petitioner cannot benefit from equitable tolling based on lack of access to the prison library. *See United States v. Denny*, 694 F.3d 1185, 1191 (10th Cir.

2012) (agreeing that petitioner was not entitled to equitable tolling for time in segregation when he lacked access to a law library where inmate failed to specify how exactly the lack of access had hindered his ability to file the habeas petition and had failed to show denial of access to or requests for legal materials).

With liberal construction, Petitioner's petition could also suggest entitlement to equitable tolling based on lack of access to trial court transcripts. Doc. 1, at 6 (Petitioner's comment that he "has been trying diligently to obtain his transcripts for years and has even agreed to pay for them and the courts will not release them"). However, Petitioner's claims are based on events that would have been apparent before or during the trial and that remain indistinguishable from his direct appeal claims. This alleged lack of access to trial transcripts does not justify equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750-51 (6th Cir. 2011) ("Standing alone, however, the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petition to equitable tolling.") (cited with approval, *Denny*, 694 F.3d at 1192).

With no statutory or equitable tolling available on Petitioner's claims, the statute of limitations expired on August 11, 2011. Petitioner did not file his petition until August 9, 2013, almost two years out of time.

## IV. Recommendation and notice of right to object.

For the foregoing reasons, the undersigned finds that Petitioner's petition is untimely and recommends that the petition be summarily dismissed.

Petitioner is advised of his right to file an objection to this report and recommendation with the Clerk of this Court by September 9, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to timely object to this report and recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). Finally, this recommendation serves as Petitioner's opportunity to further address any arguments related to the statute of limitations issue. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069, at *3 (10th Cir. July 29, 1994) (unpublished op.) (noting no concerns with magistrate judge raising an issue sua sponte where petitioner could address the matter in an objection to the report and recommendation).

The Clerk of the Court is instructed to electronically forward a copy of this report and recommendation to the Oklahoma Attorney General on behalf of Respondent at the following address: fhc.docket@oag.state.ok.us.

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 20th day of August, 2013.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE