IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYSHUN CARLIE MULLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-853-R |
| | ) | |
| TIM WILKINSON – WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Rayshun Carlie Mullins' habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter was referred to United States Magistrate Judge Suzanne Mitchell. Judge Mitchell entered a Report and Recommendation on August 20, 2013, to which Petitioner has timely objected. [Docs. No. 5-6]. Upon de novo review of the record, the Court agrees with the Report and Recommendation and rules that Petitioner's case should be DISMISSED.

Under the Anti-Terrorism and Effective Death Penalty Act, Petitioner had one year from the date the underlying action became final in which to file his habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). As stated in the Report and Recommendation, without any help from statutory or equitable tolling, Petitioner's statute of limitations for filing his habeas petition expired on August 11, 2011. And Petitioner did not file his petition until August 9, 2013. Statutory tolling under 28 U.S.C. § 2244(d)(2) is unavailable to Petitioner because he did not seek collateral review in state court during the one-year

limitations period. Thus, the only way this petition could be viewed as timely involves equitable tolling.

In his objections to the Report and Recommendation, Petitioner mostly reiterates the argument he made in his initial petition regarding his delay being caused by a lack of access to a law library while in a maximum security facility. As Judge Mitchell pointed out, though, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). And furthermore, a lack of law library access on its own does not warrant equitable tolling. *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)). Indeed, Judge Mitchell noted that in order to benefit from equitable tolling in this instance, Petitioner was required to show with specificity how his lack of access to a law library hindered his ability to pursue this habeas petition within the one-year limitations period. *See Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010); *Watson v. Milyard*, 335 F. App'x 741, 743 (10th Cir. 2009). Petitioner has failed to do so.

Petitioner also argues in his objections that he was delayed in filing because the contract lawyer who visited his maximum security facility would provide forms and answer questions but not help him fill out the forms for a habeas petition. According to Tenth Circuit precedent, this argument does not set forth an extraordinary circumstance justifying late filing. *See Sherratt v. Friel*, 275 F. App'x 763, 768 (10th Cir. 2008) ("As to the availability and performance of prison contract attorneys, because there is no right to post-conviction representation at all, denial of habeas counsel and their ineffectiveness

or even outright negligence is not an 'exceptional circumstance' warranting equitable tolling." (citation omitted)).

Generally, Petitioner "does not allege facts to show the due diligence in the pursuit of his federal habeas claims necessary to support equitable tolling." *Williams v. Estep*, 259 F. App'x 69, 72 (10th Cir. 2007) (citing *Miller*, 141 F.3d at 978). Thus, the Court concludes that equitable tolling is not applicable in this case. Petitioner's statute of limitations for filing a timely habeas petition expired on August 11, 2011. Because Petitioner did not file his petition until August 9, 2013, this petition is clearly untimely.

Accordingly, the Report and Recommendation [Doc. No. 5] is ADOPTED in its entirety. Petitioner Rayshun Carlie Mullins' habeas petition is DISMISSED.

IT IS SO ORDERED this 4th day of October, 2013.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE